USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/15

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. +1.215.963.5000
Fax: +1.215.963.5001
www.morganlewis.com

# Morgan Lewis

# MEMO ENDORSED

1) It is not my practice, absent extraordinary circumstances, to stay discovery while a motion to dismiss is pending.

2) My Individual Practices (which I encourage counsel to read) do not permit letter-motions — joint or otherwise.

3) The PTC will proceed as previously scheduled.

    /s/ Maas, USMJ, 10/19/15

Michael J. Puma
Partner
215.963.5305
mpuma@morganlewis.com

October 16, 2015 (the filing of)

VIA ECF AND FAX (212-805-6724)

Honorable Frank Maas, Chief Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Jordan Warman v. American National Standards Institute, 15-cv-05486 (RA) (FM)

Dear Judge Maas:

We represent Defendant American National Standards Institute, Inc. ("ANSI") in the above referenced matter. We write on behalf of both parties to respectfully request a stay of discovery and an adjournment of the Rule 16 conference currently scheduled for October 26, 2015, until a decision on ANSI's motion to dismiss (Dkt. No. 21) the New York Labor Law ("NYLL") claims has been made.

By way of background, Plaintiff Jordan Warman ("Warman") filed a First Amended Class Action Complaint alleging that ANSI violated the Fair Labor Standards Act ("FLSA") and the NYLL. Plaintiff seeks to represent a class of "similarly situated persons" in a Rule 23 class action against ANSI for its alleged violations of the NYLL, as well as a collective action under the FLSA. However, on October 9, 2015, ANSI moved to dismiss Plaintiff's NYLL claims, as Plaintiff neither worked nor lived in New York at any point. That motion will be fully briefed by November 23, 2015.

Courts have often stayed discovery pending disposition of a motion to dismiss. See Spencer Trask Software and Information Servs., LLC v. Rpost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting defendants' motion to stay discovery pending outcome of its motion to dismiss); American Booksellers Association, Inc., 94 Civ. 8566, 1995 WL 72376, * 1 (S.D.N.Y. 1995) (staying discovery pending a decision on defendants' motion to dismiss after noting that "[t]he discovery sought by plaintiffs is very broad and to require defendants to respond to it at this juncture, when their motion to dismiss may be granted, would be extremely burdensome"). The

Honorable Frank Maas, Chief Magistrate Judge
October 16, 2015
Page 2

------------------------------------------------

case for staying discovery is particularly compelling here, as the dismissal of Plaintiff's NYLL claims will render discovery on those claims – for a period of six years, as opposed to merely three years under the FLSA – and the costs and efforts associated with it, unnecessary. Furthermore, the resolution of ANSI's motion to dismiss will greatly affect the nature of the parties' discussions concerning an amicable resolution of this matter.

In light of the foregoing, the parties respectfully request that the Court impose a stay on discovery and an adjournment of the Rule 16 Conference pending the Court's ruling on ANSI's motion to dismiss.

Thank you for your consideration.

Respectfully submitted,


s/ Michael J. Puma


Michael J. Puma


cc:     Alisa A. Martin, Esq. (via ECF)